**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD G. PESTELL, M.D., PH.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 19-01563-RGA |
| | ) |
| CYTODYN INC.; CYTODYN OPERATIONS | ) |
| INC.; NADER Z. POURHASSAN, PH.D.; | ) |
| AND SCOTT A. KELLY, M.D., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS POURHASSAN AND KELLY'S**
**MOTION TO DISMISS**

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Nader Z. Pourhassan, Ph.D. and Scott A. Kelly, M.D. (collectively "the Individual Defendants"), by and through their undersigned counsel, hereby move this Court for dismissal as defendants.

**I.     There is No Basis For Personal Jurisdiction Over the Individual Defendants**

1.     The Individual Defendants should be dismissed from this action under Rule 12(b)(2) because plaintiff has not and cannot allege any facts upon which he can demonstrate that this Court has personal jurisdiction over them.

2.     Rule 12(b)(2) requires that the court dismiss a case when it lacks personal jurisdiction over the defendant.[1] Once a jurisdictional defense has been raised, a plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between defendant and the forum to support jurisdiction.[2] To meet this burden,

---

[1]     Fed. R. Civ. P. 12(b)(2).

[2]     *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Ninespot, Inc. v. Jupai Holdings Lmited*, No. 18-144-RGA, 2018 WL 3626325, at *2 (D.

plaintiff must produce "sworn affidavits or other competent evidence."[3]   "The personal jurisdiction analysis involves both a statutory and constitutional inquiry."[4]   The court must determine, first, "whether a defendant's actions come within any of the provisions of the state long-arm statute," and, second, "whether exercising jurisdiction over the defendant in the forum comports with the Due Process Clause of the Constitution."[5]

3.    Plaintiff, even in his amended complaint, makes no allegations that establish the Individual Defendants had sufficient contacts with Delaware to satisfy any part of the constitutional personal jurisdiction analysis.  Rather, plaintiff alleges that Dr. Pourhassan "is an individual with a place of business" in Washington;[6] Dr. Kelly "is an individual with a place of business" in Georgia;[7] and that plaintiff resides in Florida and otherwise, at all times relevant to his complaint, was domiciled in and a citizen of the Commonwealth of Pennsylvania.[8]   Plaintiff further alleges the Employment Agreement contemplates that his place of work would be Wynnewood, Pennsylvania[9] and that "[a]t the time the Employment Agreement was executed, Dr. Pestell was based in and performed his duties as CMO from Wynnewood, Pennsylvania."[10]   Furthermore, as revealed by Exhibit A to the Complaint, consistent with the "Counterparts" provision of the Employment Agreement (Section 5.9), to

---

Del. July 30, 2018).

[3]    *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

[4]    *Ninespot*, 2018 WL 3626325, at *2.

[5]    *Id.*

[6]    Compl. ¶ 9. [SAME]

[7]    *Id.* at ¶ 10. [SAME]

[8]    *Id.* at ¶¶ 6, 12.

[9]    *Id.* at ¶ 54.

[10]    *Id.* at ¶ 61.  As of the filing of his original Complaint on August 22, 2019, and as of the filing of his Amended Complaint on September 27, 2019, Plaintiff admits that he was a resident of Florida.  Compl. ¶ 6.  Plaintiff also alleges he "has been domiciled" in the State of Florida since <u>March 2019</u>."  Compl. ¶ 12 (emphasis added).  Plaintiff elaborates, alleging that he "relocate[d] to Fort Lauderdale" at least by March 2019.  Compl. ¶ 69.

which Individual Defendants were NOT parties, there are three execution pages and none were even signed by either of the Individual Defendants – a different agent signed on behalf of the entity defendants.[11]

4.      As argued in defendants' first motion to dismiss, the facts alleged by plaintiff still do not support a claim of minimum contacts by the Individual Defendants in Delaware such that it would satisfy Delaware's long-arm statute (10 *Del. C.* § 3104) or due process, because plaintiff fails to allege any contact with Delaware.[12]

5.      In an effort to salvage his claim against the Individual Defendants, plaintiff merely amends his Complaint to allege the existence of a Delaware consent jurisdiction statute; but that is not enough to establish personal jurisdiction.[13]

6.      Under 10 *Del. C.* § 3114 ("Section 3114"), a nonresident officer of a Delaware corporation, by accepting and holding office, is deemed to have consented to the exercise of personal jurisdiction over him in Delaware courts in two types of cases:

> . . . all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such officer is a necessary or proper party, or any action or proceeding against such officer for violation of a duty in such capacity…

10 *Del. C.* § 3114(b).

7.      In *Hazout v. Tsang Mun Ting,* 134 A.3d 274 (Del. 2016), the Delaware Supreme Court established clear guidelines for determining:  (1) whether an officer is a necessary or proper party under Section 3114; and (2) if the officer is deemed to be a necessary or proper

---

[11]      *Id.*, Ex. A.

[12]      *See Katz v. Apuzzo*, No. 17-1328 (MN), 2019 WL 3219513, at *3-5 (D. Del. July 17, 2019) (granting motion to dismiss where two visits to Delaware, three years apart, and transactions in Delaware having nothing to do with the claim asserted against them failed to serve as adequate basis to establish jurisdiction).

[13]      Comp. at ¶¶ 18-19.

party, whether the exercise of personal jurisdiction over that officer is consistent with his

constitutional expectations of due process.  134 A.2d at 292.

8.      As in *Hazout,* the Individual Defendants here are not necessary parties as this

Court can proceed to a final determination of the action with the entity defendants alone.

9.      However, even assuming the Individual Defendants could be deemed "proper

parties" under Section 3114 is not enough to establish that the Court has personal jurisdiction

over them.  Rather, as in *Hazout,* "the Court must examine whether the exercise of personal

jurisdiction is consistent with [their] constitutional expectations of due process." *Turf Nation,*

*Inc. v. UBU Sports, Inc.,* No. N17C-01-271 EMD CCLD, 2017 WL 4535970 at *9 (Del. Super.

Ct. Oct. 11, 2017), citing *Hazout,* 134 A.3d at 291.  As explained in *Hazout*:

> it would be constitutionally questionable, to say the least, for Delaware to
> exercise personal jurisdiction when Delaware's status as the state of
> incorporation had no rational connection to the cause of action, where the
> conduct is governed by the laws of other states, and where there is no
> reason why a corporate fiduciary should expect to be named as a party at
> all, much less in a suit where the underlying conduct and claims have no
> rational connection to Delaware and provide no rational basis for
> Delaware to apply its own law.

*Id.* at 291, n.60; *accord, Turf Nation* at *9.

10.     Here, the plaintiff brings a single claim against the Individual Defendants under

the Pennsylvania wage payment statute, only after learning that an identical claim that he

initially asserted under Delaware's wage payment statute was not available to him based on well-

settled Delaware law.  *See* D.I. 11, ¶¶ 1-7.  The purported actions by the Individual Defendants

giving rise to the Pennsylvania cause of action occurred in the States of Washington, Georgia

and Florida.  While the entity defendants are Delaware corporations, their principal place of

business is in the State of Washington.

4

11.     In deciding that it did not have personal jurisdiction over the individual defendant in *Turf Nation,* the Court's rationale has equal application here.

> Under these circumstances, the Court sees no rational connection to Delaware other than the place of incorporation of UBU and Turf Nation. Delaware's status as the state of incorporation has no rational connection to the causes of action.  The Court will not be applying Delaware law. The purported conduct giving rise to the harm occurred in states other than Delaware.  Turf Nation makes no claims that Mr. Vrankin misused his position at UBU or that he breached fiduciary duties owed to UBU let along Turf Nation.  The Court sees no reason why a corporate fiduciary, like Mr. Vrankin, would have expected to be hauled into a Delaware court to answer claims regarding the violation of trust fund statutes in Pennsylvania, Texas, New York, Colorado or Wisconsin.  The wrongs alleged here are either tort claims or breach of contract claims unconnected with the internal affairs or corporate governance of a Delaware corporation.

2017 WL 4535970, at *9.  *See also Wiggins v. Physiologic Assessment Services, LLC,* 138 A.3d 1160, 1167-9 (Del. Super. Ct. 2016).  (In the LLC context, Court declined to find sufficient minimum contacts with Delaware to establish personal jurisdiction when plaintiff tried to sue individual defendants under Pennsylvania wage payment statute).

12.     Given the complete absence of any rational connection between Delaware and the Pennsylvania statutory claim that plaintiff is straining to assert against the Individual Defendants, this Court should dismiss them as defendants pursuant to Rule 12(b)(2).

## II.     Plaintiff has Failed to State a Claim Under the Pennsylvania Wage Payment and Collection Law.

13.     The Individual Defendants hereby incorporate by reference and join the entity defendants' Rule 12(b)(6) motion to dismiss plaintiff's claim (Count Two of the First Amended Complaint) alleging a violation of the Pennsylvania Wage Payment and Collection Law for failure to state a claim on which relief may be granted.

SMITH KATZENSTEIN & JENKINS LLP

/s/  Laurence V. Cronin
Laurence V. Cronin (No. 2385)
Robert K. Beste III (No. 3931)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899  (courier 19801)
302-652-8400
LVC@skjlaw.com
RKB@skjlaw.com

*Attorneys for Nader Z. Pourhassan, Ph.D. and Scott A. Kelly, M.D.*

October 11, 2019

6