IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD G. PESTELL, M.D., PH.D.,

    Plaintiff,

v.

CYTODYN INC., CYTODYN OPERATIONS INC., NADER Z. POURHASSAN, PH.D., and SCOTT A. KELLY, M.D.,

    Defendants.

Civil Action No. 1:19-cv-01563-RGA

MEMORANDUM OPINION

Michael C. Hochman, MONZACK MERSKY MCLAUGHLIN and BROWDER, P.A., Wilmington, DE; Steven M. Coren, Benjamin M. Mather, Janice I. Daul, KAUFMAN, COREN & RESS, P.C., Philadelphia, PA, Attorneys for Plaintiff.

Timothy M. Holly, Aaron M. Shapiro, Lauren P. DeLuca, CONNOLLY GALLAGHER LLP, Wilmington, DE; Laurence V. Cronin, Robert K. Beste III, SMITH KATZENSTEIN & JENKINS LLP, Wilmington, DE, Attorneys for Defendants.

June 12, 2020

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Plaintiff, Richard D. Pestell, M.D., Ph.D., initiated this action against all Defendants, two of which are CytoDyn Inc. and CytoDyn Operations Inc. (collectively referred to as the "Company"), on August 22, 2019.[1] (D.I. 1). Plaintiff then filed an amended Complaint against all Defendants. (D.I. 15). In the amended Complaint Plaintiff alleges breach of contract by the Company (count 1); violation of the Pennsylvania Payment and Collection Law by all Defendants (count 2); and defamation by the Company (count 4). (*Id.*). Plaintiff also seeks a declaratory judgment (count 3) against the Company. (*Id.*). Before the Court is the Company's Rule 12(b)(6) motion[2] to dismiss count 2 and 4 of the amended Complaint.[3] (D.I. 17). The motion is fully briefed. (D.I. 17; D.I. 20; D.I. 23; D.I. 26; D.I. 27). For the reasons set forth below the Court grants the motion to dismiss count 2 of the Complaint and denies the motion to dismiss count 4.

I.   BACKGROUND

Plaintiff's start-up biotechnology company, ProstaGene, LLC, was acquired by the Company in 2018. (D.I. 15 ¶ 1). On November 16, 2018 Plaintiff became the Company's Chief Medical Officer ("CMO") and a member of the Company's Board of Directors. (*Id.*). Plaintiff's action was brought pursuant to 28 U.S.C. § 1332. (D.I. 15 ¶ 11). The Company is a Delaware corporation with its principal place of business in the State of Washington, making Defendants citizens of Delaware and Washington. (*Id.* ¶ 8); 28 U.S.C. § 1332(c)(1). Plaintiff was a citizen of Florida at the time this action was brought. (*Id.* ¶ 12). Plaintiff alleges that his relationship with

---

[1] When I refer to Defendants in this opinion, I mean the Company unless I refer to "all Defendants."

[2] The Company's motion also cites Rule 12(b)(2). This Court's personal jurisdiction over the Company is not in dispute. Fed. R. Civ. P. 12(b)(2); (D.I. 15 ¶ 17; D.I. 17 ¶ 17).

[3] The individual Defendants have a filed a separate motion to dismiss, which will be addressed separately.

2

the Company deteriorated, and as a result Plaintiff's counsel sent the Company a letter on July 22, 2019 notifying the Company of circumstances constituting "Good Reason" for Plaintiff's resignation. (*Id.* ¶ 157). Three days later Plaintiff received an email notifying him the Board terminated his employment for "cause." (*Id.* ¶ 172). On July 26, 2019 and August 21, 2019 the Company publicly announced Plaintiff was terminated for "cause." (*Id.* ¶¶ 181-183, 185). Plaintiff alleges he is due "Separation Obligations" triggered by the contract after his termination. (D.I. 15 at 47; D.I. 17 ¶ 19). Plaintiff also alleges that as a result of the public announcements of his termination for "cause" he has suffered material and reputational harm. (D.I. 15 ¶ 242).

## II.  LEGAL STANDARDS

Rule 8 of the Federal Rules of Civil Procedure requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the defendant to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for [an] imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id*. at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

III.     DISCUSSION

    **A.  Count 2: Violation of the Pennsylvania Wage Payment and Collection Law**

The parties' contract contains a choice-of-law provision that stipulates actions arising under the contract be governed by the laws of Delaware. (D.I. 15-1, ex. A § 5.6). The validity of the contract is not in dispute, and the contract contemplates termination as an action that could arise out of the parties' agreement.[4] (D.I. 15 ¶ 195; D.I. 17; D.I. 15-1 ex. A § 5.6). Neither party disputes the enforceability of the choice-of-law provision. (D.I. 26; D.I. 27). The parties agree that such a provision does not *per se* preclude a plaintiff from raising a statutory wage claim under Pennsylvania law. (D.I. 26; D.I. 27). The parties do dispute whether the claim can be properly brought based on the currently alleged facts. (D.I. 26 at 2-3; D.I. 27 at 2).

The agreement between the parties refers to Plaintiff's location of employment as Wynnewood, Pennsylvania. (D.I. 15-1 ex. A § 2.5). Plaintiff argues he was employed in Pennsylvania at the time the agreement was signed in November 2018 so he should be considered a Pennsylvania employee under the Pennsylvania Wage Payment and Collection Law (PWPCL). (D.I. 15 ¶¶ 1, 210-211). Plaintiff asserts that Defendants are considered employers under the PWPCL because Defendants entered into an agreement stipulating Plaintiff's place of employment

---

[4] Contract and agreement are used interchangeably throughout the Court's opinion.

4

was Pennsylvania.  (*Id*. ¶¶ 209-211).  In March 2019 Plaintiff voluntarily relocated to Fort Lauderdale, Florida to help Defendants expand the Company's national presence. (*Id*. ¶ 69).  Plaintiff alleges he was terminated on July 25, 2019.  (*Id*. ¶ 172).  Defendants argue that Plaintiff cannot be properly considered a Pennsylvania employee under the PWPCL because Plaintiff was employed in Florida when Plaintiff was terminated—when the alleged injury occurred.  (D.I. 17 ¶¶ 21-26).

First, the Court must determine whether an enforceable Delaware choice-of-law provision precludes Plaintiff from bringing a PWPCL *per se.*  If Plaintiff may properly bring a PWPCL claim, the Court must then determine if Plaintiff has sufficiently pled such a claim.  The Court agrees with the parties' conclusion that the enforceability of the Delaware choice-of-law provision does not preclude Plaintiff from bringing a PWPCL claim *per se*.  Delaware courts generally honor contractually designated choice-of-law provisions if the designated jurisdiction "bears some material relationship to the transaction," and if enforcement does not contravene the public policy of Delaware.  *Annan v. Wilmington Tr. Co.*, 559 A.2d 1289, 1293 (Del. 1989);  *Coface Collections N. Am. Inc. v. Newton*, 430 F. App'x 162, 166 (3d Cir. 2011);  *Organ v. Byron*, F. Supp. 2d 388, 392 (D. Del. 2006).  Delaware has a wage collection statute similar to that of Pennsylvania, but Plaintiff cannot properly state a claim under the Delaware statute because he was never employed in Delaware and the agreement was not made in Delaware.[5]  Del. Code Ann. 19, § 1101(a)(3)

---

[5] The Pennsylvania Wage Payment and Collection Law defines wages as "all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation. . . . [As well as] fringe benefits or wage supplements . . . ."  43 Pa. Cons. Stat. § 260.2a (West 2020).  The Wage Payment and Collection Act of the State [of Delaware] (hereafter referred to as the "Delaware Wage Act") defines wages as "compensation for labor or services rendered by an employee, whether the amount is fixed or determined on a time, task, piece, commission or other basis of calculation."  Del. Code Ann. 19, § 1115, § 1101(a)(5)  (West 2020).

5

(West 2020).  Florida does not have a comparable statute.[6]  Fla. Stat. Ann. § 448.110 (West 2020).  The Court would contravene Delaware public policy by extending the agreement's choice-of-law provision to Plaintiff's wage claim because he would be left without a statutory remedy under Delaware law.  *Redick v. E Mortg. Mgmt., LLC*, 2013 WL 5461616, at *2 (D. Del. Sept. 30, 2013).  This Court holds Plaintiff may properly raise a PWPCL claim despite the enforceability of the agreement's choice-of-law provision.

The Court now addresses whether Plaintiff properly stated a PWPCL claim.  The PWPCL provides employees with a statutory remedy to supplement a breach of contract claim against their employers.  *McGoldrick v. TruePosition Inc.*, 623 F. Supp. 2d 619, 621, 631 (E.D. Pa. 2009) (stating the dual purposes of the PWPCL are to protect Pennsylvania employees and to punish recalcitrant Pennsylvania employers);  *Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995), *aff'd*, 82 F.3d 406 (3d Cir. 1996).  A claim under the PWPCL requires an underlying contractual agreement, a plaintiff that can properly be considered a Pennsylvania employee, and a defendant that can properly be considered a Pennsylvania employer.  *Gallagher v. E.I. du Pont de Nemours & Co.*, 2010 WL 1854131, at *7 (Del. Super. Ct. Apr. 30, 2019);  *Killian,* 873 F. Supp. at 942;  43 Pa. Cons. Stat. § 260.2a (West 2020).  The statute defines an employer as "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth."  43 Pa. Cons. Stat. § 260.2a (West 2020).  The term "employee"

---

[6] The Florida Minimum Wage Act allows plaintiffs to sue employers for unpaid minimum wages.  Fla. Stat. Ann. § 448.110.  The relief afforded to plaintiffs is much more substantial under both the Pennsylvania Wage Payment and Collection Law and the Delaware Wage Act. 43 Pa. Cons. Stat. § 260.2a (West 2020);  Del. Code Ann. 19, § 1101(a)(5) (West 2020).

is not defined in the statute, and the analysis for determining which plaintiffs are protected under the PWPCL varies between courts.[7]

The Court's determination of the sufficiency of Plaintiff's PWPCL claim turns on whether Plaintiff can be considered an employee protected under the PWPCL.[8] Plaintiff used to reside and work in Pennsylvania, but later relocated to Fort Lauderdale, Florida. (D.I. 15 ¶¶ 12, 69). Plaintiff was employed by a Delaware corporation with its principal place of business in Washington. (*Id*. ¶¶ 1, 8). Plaintiff does not contest he was domiciled in and worked in the state of Florida between March 2019 and July 25, 2019. (*Id*. ¶¶ 12, 69, 172). Plaintiff does not allege that he intended to return to Pennsylvania. (*Id*.). In fact, by definition of the word "domicile," Plaintiff intended to make Florida his home for an indefinite period of time.[9] As the Court interprets the Complaint,

---

[7]*McGoldrick*, 623 F. Supp. 2d at 621, 632 (allowing dual Irish and U.S. citizens to bring a PWPCL claim against a Delaware corporation headquartered in Pennsylvania); *Tucci v. CP Kelco ApS*, 2002 WL 31261054, at *2-3 (E.D. Pa. Oct. 10, 2002) (rejecting a Pennsylvania resident's PWPCL claim because he worked in Delaware for a Delaware company and his employment agreement had a Delaware choice-of-law provision); *Synesiou v. DesignToMarket, Inc.*, 2002 WL 501494, at *3 (E.D. Pa. Apr. 3, 2002) (allowing a California resident employed by a Pennsylvania corporation to bring a PWPCL claim); *Hides v. CertainTeed Corp.*, 1995 WL 458786, at *2 (E.D. Pa. July 26, 1995) (rejecting a PWPCL claim by a plaintiff that both lived and worked outside of Pennsylvania); *Killian,* 873 F. Supp. at 941-42 (rejecting plaintiffs' PWPCL claim against a Pennsylvania employer because they never resided in and were never based in Pennsylvania); *Banks v. ManpowerGroup, Inc.*, 2015 WL 4207236, at *2-3 (M.D. Pa. July 10, 2015) (allowing a plaintiff that resided and worked in Pennsylvania to bring PWPCL claim despite a Wisconsin choice-of-law provision because no choice-of-law provision can waive a proper statutory claim arising under the PWPCL); *Crites v. Hoogovens Tech. Servs. Inc.*, Pa. D. & C.4th 449, 458 (Pa. Ct. Com. Pl. 2000) (allowing an Ohio resident to bring PWPCL claim against a Delaware corporation with its principal place of business in Pennsylvania).

[8] There was an underlying contractual agreement between the parties. (D.I. 15 ¶ 1). Based on the facts alleged in the present case, where there are no allegations of any other Pennsylvania employee of the Company, the Company can only be considered an employer under the PWPCL if Plaintiff can properly be considered an employee. 43 Pa. Cons. Stat. § 260.2a (West 2020).

[9] The Complaint states Plaintiff was domiciled in Florida as of March 2019. (D.I. 15 ¶ 12). A person is domiciled in a state when she is both present in the new state and has an intention to make the state her home for an indefinite period of time. *Gallagher v. Phila. Transp. Co.*, 185 F.2d 543, 545-46 (3d Cir. 1950).

the earliest Plaintiff's alleged injury could have occurred was June 29, 2019 when Plaintiff was indisputably domiciled in Florida.[10]  (*Id*. ¶¶ 12, 219).

The Plaintiff has not presented the Court with any case where a plaintiff that does not work or live in Pennsylvania can properly bring a PWPCL claim against an employer that is not incorporated in, does not have its principal place of business in, and does not employ other persons in Pennsylvania.  (D.I. 26).  The Court has also been unable to find such a case.  *See, e.g.,* cases cited *supra* note 7.  The Court finds that after Plaintiff's relocation to Florida—where he resided and worked when the alleged injury occurred—he could not properly be considered an employee protected under the PWPCL.[11]  Because Plaintiff is not an employee within the meaning of the PWPCL, Plaintiff fails to state a claim.  Defendants' Rule 12(b)(6) motion is granted and count 2 of the Complaint is dismissed.

---

[10] Plaintiff alleges that his bonus was not paid out on June 19, 2019.  (D.I. 15 ¶ 219).  If Plaintiff was entitled to his bonus on June 19, 2019 Plaintiff's employer had ten days in which to provide Plaintiff with his bonus.  (*Id*. ¶ 219);  43 Pa. Cons. Stat. § 260.3(b) (West 2020).

[11] The Court cannot conclude that Plaintiff should be considered a Pennsylvania employee in perpetuity because Plaintiff once worked in Pennsylvania.  The Court understands Plaintiff's argument essentially to be: Plaintiff is protected under the PWPCL because Plaintiff previously worked in Pennsylvania, and the parties' agreement stipulated that Pennsylvania was Plaintiff's place of employment. (D.I. 15 ¶¶ 69, 210).  This strikes the Court as overly formalistic.  Plaintiff was domiciled in and worked in Florida for at least four months before the injury occurred.  (*Id.* ¶¶ 12, 69, 172, 219).  This leads the Court to conclude that Plaintiff was functionally not employed in Pennsylvania at the time of the alleged injury because the parties mutually agreed to move "[the] principal place of business for the performance of [Plaintiff's] duties under th[e] [Employment] Agreement" to Florida.  (*Id*. ¶¶ 12, 62, 69).  Plaintiff's argument would be more compelling if there was anything in the pleadings to indicate Plaintiff planned to return to Pennsylvania after moving to Florida, but Plaintiff alleges the opposite.  Plaintiff states that he was *domiciled* in Florida as of March 2019.  (*Id*. ¶ 12).  Domicile has a very specific legal meaning—to be domiciled in a state one must be physically present in the state and have the desire to make the state one's home for an *indefinite period of time. Gallagher*, 185 F.2d at 545-46. By virtue of the legal definition of the word "domicile," Plaintiff could not have had the intention to return to Pennsylvania.

### B. Count 4: Defamation

Plaintiff correctly notes that an enforceable choice-of-law provision does not necessarily extend to Plaintiff's tort claim. (D.I. 26 at 2 n.1). Nonetheless both parties rely on Delaware tort law in their briefing. (D.I. 17 ¶ 2; D.I. 20 at 10-11). Contractual choice-of-law provisions can govern tort claims between the parties if the "fair import of the provision governs all aspects of the legal relationship." *Brown v. SAP Am. Inc.*, 1999 WL 803888, at *5 (D. Del. Sept. 13, 1999) (citing *Jiffy Lube Int'l, Inc. v. Jiffy Lube of Pa., Inc.*, 848 F. Supp 569, 576 (E.D. Pa. 1994)). Based on this standard, and the parties' briefs, the Court concludes the choice-of-law provision in the agreement governs Plaintiff's tort claim.

In Delaware there are five elements for a defamation claim. Plaintiff must plead: "(i) a defamatory communication; (ii) publication; (iii) the communication refers to the plaintiff; (iv) a third party's understanding of the communication's defamatory character; and (v) injury." *Clouser v. Doherty*, 2017 WL 3947404, at *7 (Del. Sept. 7, 2017); *Daniels v. (DHSS) Del. Psychiatric Ctr.*, 2017 WL 3475712, at *2 (D. Del. Aug. 11, 2017) (citing *Holmes v. News Journal Co.*, 2015 WL 1893150, at *2 (Del. Super. Ct. Apr. 20, 2015)).

Plaintiff has sufficiently pled all of the elements of a defamation claim. Plaintiff alleges Defendants publicly announced Plaintiff was terminated for "cause." (D.I. 15 ¶ 181-183, 185). In the agreement "cause" encompasses the commission of fraud, the commission of a felony, failure to perform, and violation of the "Covenants Agreement." (D.I. 15-1 ex. A §4.1(b)). The Defendants announced Plaintiff was fired for "cause" in a press release and publicly available SEC filings. (D.I. 15 ¶¶ 181-183, 185). Defendants do not dispute these announcements were public. (D.I. 17). Plaintiff alleges Defendants' communication referred to the Plaintiff. (D.I. 15 ¶¶ 182-183, 185). Plaintiff alleges that, after the announcement of his termination, third parties posted on

9

a message board speculating about which category of for "cause" termination served as the basis for his firing. (*Id.* ¶ 184). Finally, Plaintiff alleges reputational injury. (*Id.* ¶ 186).

Defendants argue that Plaintiff fails to state a claim for two reasons: (1) Defendants' public statements were truthful,[12] and (2) Defendants' statements are shielded by qualified privilege.[13] (D.I. 17 ¶ 1). Both arguments fail. Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because "the allegedly defamatory statement . . . indisputably is true," and truth is an absolute defense to a claim of defamation. (*Id.* ¶¶ 1, 3). Contrary to Defendants' assertion, one of the central factual disputes in this case is the truthfulness of Defendants' public statements. Plaintiff has clearly pled the asserted reason for his firing was false. (D.I. 15 ¶¶ 236-239). Plaintiff further alleges the stated reason for his termination was pretextual, and there was no investigation or evidence that merited his firing for "cause." (*Id.* ¶¶ 174-178). At this stage of the proceedings the Court must accept the well-pled assertion that Defendants' statements were false. The Court finds Plaintiff has sufficiently pled falsity.

Defendants' second argument also fails. (D.I. 17 ¶¶ 1, 8). Qualified privilege "extends to communications made between persons who have a common interest for the protection of which the allegedly defamatory statements are made." *Pierce v. Burns*, 185 A.2d 477, 479 (Del. 1962). When conditional privilege is abused it may be "waived or forfeited." *Meades v. Wilmington Hous. Auth.*, 2005 WL 1131112, at *2 (Del. May 12, 2005). Abuse of conditional privilege is normally a question of fact, where the plaintiff must demonstrate the privilege was not exercised

---

[12] Defendants direct the Court to two cases with a procedural posture distinct from the case before the Court, and where the truth of the defendants' statements were not in dispute. *Naples v. New Castle Cty.*, 2015 WL 1478206, at *12 (Del. Super. Ct. Mar. 30, 2015); *Davis v. W. Ctr. City Neighborhood Planning Advisory Comm., Inc.*, 2003 WL 908885, at * 4 (Del. Super. Ct. Mar. 7, 2003).

[13] Defendants argue that their statements remain protected by qualified privilege because Plaintiff has not alleged facts sufficient to plead malice. (D.I. 17 ¶ 1).

in good faith, was exercised with malice, was exercised with knowledge of falsity, or was exercised with a desire to cause harm. *Meades*, 2005 WL 1131112, at *2. Plaintiff disputes Defendants' assertion that qualified privilege shields the communications at issue, and Plaintiff asserts that, even if such privilege exists, it was lost when abused by Defendants. (D.I. 20 at 15-16). Plaintiff has alleged that Defendants abused their privilege by exercising it with malice and knowledge of falsity. (D.I. 15 ¶¶ 186-187). Plaintiff supports his pleadings with factual assertions that his termination was the result of his poor relationship with the Company's CEO, and that Defendants' publicly-asserted reason for Plaintiff's firing was pretextual. (*Id*. ¶¶ 4, 72, 78, 99, 106, 121-123, 151, 163, 168-169). Defendants' arguments in support of dismissal center on factual determinations that are more appropriately decided later in the proceedings. (D.I. 17). The Court thus denies the motion to dismiss count 4 of the amended Complaint.

IV.   CONCLUSION

Defendants' Rule 12(b)(6) motion is granted in part and denied in part. Count 2 of Plaintiff's amended Complaint is dismissed because the Plaintiff is not protected by the PWPCL and cannot properly bring a claim under the law. Defendants' motion to dismiss count 4 is denied because Plaintiff has sufficiently pled his defamation claim under Delaware law.