IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD G. PESTELL, M.D., Ph.D.,

               Plaintiff;

v.

CYTODYN INC., CYTODYN OPERATIONS INC., NADER Z. POURHASSAN, Ph.D., and SCOTT A. KELLY, M.D.,

               Defendants.

Civil Action No. 19-cv-1563-RGA

MEMORANDUM OPINION

Michael C. Hochman, MONZACK MERSKY MCLAUGHLIN and BROWDER, P.A., Wilmington, DE; Steven M. Coren, Benjamin M. Mather, Janice I. Daul, KAUFMAN, COREN & RESS, P.C., Philadelphia, PA,

Attorneys for Plaintiff.

Timothy M. Holly, Aaron M. Shapiro, Lauren P. DeLuca, CONNOLLY GALLAGHER LLP, Wilmington, DE; Laurence V. Cronin, Robert K. Beste III, SMITH KATZENSTEIN & JENKINS LLP, Wilmington, DE,

Attorneys for Defendants.

November 2, 2020

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court are Defendants' Motions to Dismiss. (D.I. 38, D.I. 39). CytoDyn, Inc. and CytoDyn Operations, Inc. ("Entity Defendants"), and Nader Z. Pourhassan and Scott A. Kelly ("Individual Defendants") move to dismiss Count Two of Plaintiff's Third Amended Complaint, arguing that Plaintiff fails to state a claim under the Pennsylvania Wage Payment and Collection Law ("PWPCL"). (D.I. 38 at 1; D.I. 39 at 5). Defendants also move for the dismissal of Individual Defendants from the suit for a lack of personal jurisdiction. (D.I. 38 at 1, D.I. 39 at 1). Plaintiff, Richard G. Pestell, filed an opposition to the motion to dismiss, to which Defendants replied. (D.I. 42, D.I. 45, D.I. 46). The Court has reviewed the parties' briefing.

## I.     BACKGROUND

Plaintiff filed suit in this action with claims for (1) breach of contract against Entity Defendants; (2) a violation of the Delaware Wage Payment and Collection Act against all Defendants; (3) a declaratory judgment against Entity Defendants; and (4) defamation against Entity Defendants (D.I. 1 at 38, 40, 42, 44). The action stems from Plaintiff's employment contract with Entity Defendants and the events that occurred leading up to his termination on July 25, 2019. (D.I. 41 at 1-2, 38-39). Plaintiff's employment agreement contains a choice-of-law provision that stipulates that actions arising under the contract be governed by Delaware law. (*Id.* at 17).

Entity Defendants filed a partial motion to dismiss. (D.I. 11).  Plaintiff subsequently amended his complaint, replacing his claim under the Delaware Wage Payment and Collection Act with a claim under the PWPCL. (D.I. 15 at 42).

In response to the Amended Complaint, Entity Defendants filed a partial motion to dismiss for failure to state a defamation claim, failure to state a PWPCL claim, and moved for

dismissal of Individual Defendants for a lack of personal jurisdiction. (D.I. 17). Individual Defendants also filed a Motion to Dismiss for lack of personal jurisdiction and for Plaintiff's failure to state a PWPCL claim. (D.I. 18).

The Court granted in part and denied in part Entity Defendants' motion to dismiss. (D.I. 29 at 11). Plaintiff's PWPCL claim was dismissed for failure to state a claim, as Plaintiff was not properly considered an employee under the PWPCL. (*Id.* at 8). Plaintiff's defamation claim was sustained. (*Id.* at 9). Individual Defendants' motion to dismiss (D.I. 18) was dismissed as moot, as the only count against Individual Defendants was separately dismissed. (D.I. 32).

Plaintiff amended the complaint by filing his Second Amended Complaint, which included more facts about his employment with Entity Defendants. (D.I. 35 at 16-19). Specifically, Plaintiff alleged that after relocating his residence to Florida, "he continued to perform his Pennsylvania-centric responsibilities. . . remotely." (*Id.* at 18-19). The amendments to the complaint detailed Plaintiff's continued supervision over the research activities at the laboratory in Pennsylvania, including thrice-weekly meetings with laboratory staff via videoconference or teleconference, maintaining near-daily contact with laboratory staff, three trips to the laboratory in June and July 2019, and his participation in and receipt of monthly written research reports. (*Id.* at 16-18).

Shortly thereafter, Plaintiff further amended the complaint by filing his proposed Third Amended Complaint, alleging more facts about his connections to Pennsylvania. (D.I. 41). The Third Amended Complaint alleges that Plaintiff was subject to and paid Pennsylvania income taxes on wages earned while he lived in Pennsylvania. (*Id.* at 19). The amendments to the complaint also state that in 2019 to the present, Plaintiff has owned more than thirty income-

producing properties in Pennsylvania, for which he was subject to Pennsylvania state income tax, as well as local income and property taxes for the entirety of tax year 2019. (*Id.*).

In response to the amended complaints, Defendants filed motions to dismiss. (D.I. 38, D.I. 39). Entity Defendants filed a Third Partial Motion to Dismiss Plaintiff's Second (and Proposed Third) Amended Complaint(s), arguing for dismissal of Plaintiff's PWPCL claim for failure to state a claim and for dismissal of Individual Defendants for a lack of personal jurisdiction. (D.I. 38). Individual Defendants' motion to dismiss made the same arguments on the same grounds. (D.I. 39).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complainant provide "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the defendant to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a motion to dismiss, a complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.,* 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint*." In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson*, 574 U.S. at 11.

### III.   ANALYSIS

In their Third Partial Motion to Dismiss Plaintiff's Second (and Proposed Third) Amended Complaint(s), Entity Defendants move to have Plaintiff's PWPCL claim dismissed for failure to state a claim. (D.I. 38 at 1). Entity Defendants argue that Plaintiff's Third Amended Complaint still fails to sufficiently plead that Plaintiff is the type of employee who could have a PWPCL claim. (*Id.* at 3). Entity Defendants maintain that Plaintiff "continues to pepper the pleadings with allegations that offer nothing meaningful to compel a ruling different from this Court's prior dismissal of his PWPCL claim." (*Id.*)

Plaintiff, however, argues that the amendments to the complaint "cure the deficiency identified by the Court" by alleging that Plaintiff "continued to have significant work responsibilities in and other contacts in Pennsylvania" after he moved his residence to Florida, but prior to his termination. (D.I. 42 at 10). Plaintiff contends that his status as an "employee" under the PWPCL is based on his "continued performance of Pennsylvania-based job responsibilities" and his connection to Pennsylvania during his employment with Entity Defendants. (*Id.* at 12). Plaintiff argues that his domicile is not determinative of his status as an

5

"employee" under the PWPCL, and the additions to the Third Amended Complaint demonstrate Plaintiff's continued work in Pennsylvania after his residence moved to Florida. (*Id.*).

The PWPCL is a statutory remedy that permits employees to recover after an employer's breach of a contractual obligation to pay wages. *Sendi v. NCR Comten, Inc.*, 619 F. Supp. 1577, 1579 (E.D. Pa. 1985). The statute has the dual purposes of protecting Pennsylvania employees and punishing recalcitrant Pennsylvania employers. *McGoldrick v. TruePosition, Inc.*, 623 F. Supp. 2d 619, 631 (E.D. Pa. 2009). The PWPCL defines an "employer" as "every person, firm, partnership, association, corporation, receiver, or other officer of a court of this Commonwealth and any agent or officer of any of the abovementioned classes employing any person in this Commonwealth." 43 Pa. Cons. Stat. § 260.2a (West 2020). The statute, however, does not define "employee." Thus, the Court's determination of whether Plaintiff has sufficiently stated a PWPCL claim hinges on whether Plaintiff was an "employee" under the PWPCL. This is the same issue that the Court needed to resolve in the previously granted dismissal of Plaintiff's PWPCL claim. (D.I. 29 at 7).

The relevant facts remain unchanged from the Court's earlier dismissal of the PWPCL claim. (*Id.* at 7-8). Plaintiff is domiciled in Florida and has been since March 2019. (D.I. 41 at 4). Prior to March 2019, and his move to Fort Lauderdale, Florida, Plaintiff was domiciled in Pennsylvania. (*Id.* at 4, 16). In Pennsylvania, Plaintiff worked for Entity Defendants, a Delaware corporation with its principal place of business in Washington. (D.I. 15, Exh. A at 4 of 52; D.I. 41 at 3). Plaintiff does not contest that he was domiciled in and worked in Florida between March 2019 and July 25, 2019. (D.I. 41 at 4, 16, 38-39). Under the Court's reading of the Third

Amended Complaint, the earliest Plaintiff's alleged injury could have occurred was on June 29, 2019.[1] At that time, Plaintiff was indisputably domiciled in Florida. (*Id.* at 4).

It is true that, "Plaintiff's residence and citizenship alone do not defeat his claim under the [P]WPCL," and that, "something less than full-time in-state employment can trigger the [P]WPCL protections." *Eastland v. du Pont*, 1996 WL 421940, at *5 (E.D. Pa. July 23, 1996). However, the "protections contained in the [P]WPCL extend only to those employees based in Pennsylvania." *Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995), *aff'd*, 82 F.3d 406 (3d Cir. 1996). To have a viable claim under the PWPCL, Plaintiff needs to show that he was "an employee based in Pennsylvania." *See id.* Plaintiff did not make that showing in the Amended Complaint, as the Court found "that after Plaintiff's relocation to Florida – where he resided and worked when the alleged injury occurred – he could not properly be considered an employee protected under the PWPCL." (D.I. 29 at 8). Similarly, the new allegations included in the Third Complaint still do not show that Plaintiff was an employee "based in Pennsylvania." *See Killian*, 873 F. Supp. at 942.

At the time of his injury, Plaintiff was based in Florida, the location of his domicile, where he was, as he conceded, working "remotely." (D.I. 41 at 18). Plaintiff argues that in cases that concern telecommuting, "the primary consideration is the extent of the employee's job responsibilities in Pennsylvania." (D.I. 42 at 13). The cases Plaintiff cites in support of this contention show that it is a factor that courts look at, but that courts also look at other factors in determining whether the plaintiff was an employee based in a state other than Pennsylvania. *See*

---

[1] Plaintiff alleges that his bonus was not paid on June 19, 2019. (D.I. 41 at 47). If Plaintiff was entitled to his bonus then, his employer had ten days in which to provide Plaintiff with it. 43 Pa. Cons. Stat. § 260.3(b) (West 2020).

*Tomlinson v. Checkpoint Systems, Inc.*, 2008 WL 219217, at *1, 10 (E.D. Pa. Jan. 25, 2008);

*Tucci v. CP Kelco ApS*, 2002 WL 31261054, at *3 (E.D. Pa. Oct. 10, 2002).

In *Tomlinson*, the court found that the plaintiff was not an "employee" under the PWPCL, as a Pennsylvania resident working in New Jersey for a company incorporated in Pennsylvania with its principal place of business in New Jersey. *Tomlinson*, 2008 WL 219217, at *1, 10. In making this determination, the court looked at many factors, including the plaintiff's residence, the location of the employer, the plaintiff's occasional work from home, and the plaintiff's lack of work responsibilities in Pennsylvania. *Id.* at 10.

In *Tucci*, the court found that the plaintiff, a Pennsylvania resident employed by a Delaware corporation in Delaware, under an employment agreement with a Delaware choice-of-law provision, was not an "employee" under the PWPCL. *Tucci*, 2002 WL 31261054, at *3. The court found that the facts raised by the plaintiff, such as living in Pennsylvania, receiving paychecks in Pennsylvania, and occasionally working from home, "when weighed against the facts raised by the [d]efendants, do not sufficiently relate to where he and his employment were based." *Id.* at *2-3.  The plaintiff had some connections to Pennsylvania, but they were not enough to make him an "employee" under the PWPCL. *See id.* at *3.

Similarly, in this case, Plaintiff's Third Amended Complaint shows connections to Pennsylvania through paying taxes to Pennsylvania,[2] owning thirty income-producing properties in Pennsylvania,[3] and supervising remotely, but those connections are insufficient to show that he was an employee based in Pennsylvania. Much like *Tucci*, Plaintiff's facts, when weighed against the other facts in the case (namely, Plaintiff's relocation to Florida, Plaintiff's domicile in

---

[2] Paying Pennsylvania income taxes on wages earned while Plaintiff lived in Pennsylvania, but not while Plaintiff lived in Florida, seems to argue against Plaintiff's position.
[3] Owning investment properties in Pennsylvania seems to be irrelevant to the issue at hand.

Florida at the time of the alleged injury, the Delaware choice-of-law provision, and Entity Defendants being Delaware corporations with a principal place of business in Washington), "do not sufficiently relate to where he and his employment were based." *See id.*

Plaintiff still "has not yet presented the Court with any case where a plaintiff that does not work or live in Pennsylvania can properly bring a PWPCL claim against an employer that is not incorporated in, does not have its principal place of business in, and does not employ other persons in Pennsylvania." (D.I. 29 at 8). The Court has also been unable to find a such a case. (*Id.*). The additional facts alleged in the Third Amended Complaint do not change the Court's finding that after Plaintiff's relocation to Florida, where he worked and resided at the time of the alleged injury, he could not properly be considered an employee protected under the PWPCL. (*See id.*).

Plaintiff's supervisory work and connections to Pennsylvania after his move to Florida do not change the Court's conclusion that Plaintiff was functionally not employed in Pennsylvania at the time of the alleged injury. (*See id.*). Entity Defendants' Board and CEO decided to open an office in Florida, and "[i]n connection with this plan," Plaintiff agreed to and did relocate to Fort Lauderdale in March 2019. (D.I. 41 at 16). Plaintiff was an employee of Entity Defendants based in Florida at the time of the alleged injury, making him not then an employee under the PWPCL.

In looking at the bounds of the PWPCL, the Pennsylvania "legislature has a strong interest in enacting legislation to protect those who work in the Commonwealth, but has almost no interest in extending that protection to those who work outside Pennsylvania." *Killian*, 873 F. Supp. at 942. A case such as this one, where Plaintiff is domiciled in and working from Florida for a Delaware company with its principal place of business in Washington, under an

9

employment agreement with a Delaware choice-of-law provision, is not a case to which the Pennsylvania legislature would have an interest in extending the protection of the PWPCL.

As Plaintiff is not an employee based in Pennsylvania, he is not an "employee" within the meaning of the PWPCL. Therefore, Plaintiff is unable to state a claim under the PWPCL. Entity Defendants' Rule 12(b)(6) motion to dismiss is granted. Plaintiff has not requested leave to amend another time. He has tried four time to state a claim.  (D.I. 1, 15, 35, 41). Further attempts would be futile. Dismissal is with prejudice.

### IV. CONCLUSION

Entity Defendants' motion to dismiss is granted for Plaintiff's failure to state a claim under the PWPCL. As the only claim against Individual Defendants was the PWPCL claim, Individual Defendants are also dismissed from the suit.